## HUGH FORSYTH *vs.* DAVID I. ROWELL.

*Real action—certain parol evidence not admissible in pleading in. Equity of redemption—sale of.*

The mortgager of a farm having subsequently married and died intestate, his widow caused her dower in the equity to be set out by metes and bounds, and thereafterwards conveyed her life-estate to the plaintiff. The administrator of the estate of the intestate, by virtue of a license from the probate court, sold and conveyed to the plaintiff all the interest which the intestate had in the premises at the time of his decease subject to the widow's life-estate in that portion set out as dower, and subsequently took back a mortgage to secure the purchase-money. The administrator returned his license setting forth therein the sale to the plaintiff, together with the sum received " deducting therefrom the balance due on " the original mortgage. In 1851, at a sheriff's sale on the execution, issued on the judgment recovered on the plaintiff's note given for the intestate's interest, the administrator purchased the plaintiff's right to redeem the original mortgage, and, in 1861, the sale not being redeemed, sold and conveyed the whole property to the defendant by deed of warranty. In a real action claiming a fee in the plaintiff, *Held*, (1) That the defendant being a *bona fide* purchaser for value, it is not competent for the plaintiff to prove by parol that the administrator, at the time of sale to the plaintiff, agreed to redeem the original mortgage out of what the plaintiff paid him. (2) That under a count claiming a fee-simple, the plaintiff cannot recover for a life-estate.

The holder of a junior mortgage of real estate may waive his mortgage lien and sell on the execution issued upon a judgment recovered on his mortgage debt the debtor's right to redeem a senior mortgage of the same property.

ON EXCEPTIONS.

REAL ACTION to recover possession of about one hundred and fifty acres of land in Madison, together with the rents and profits.

The writ was dated Oct. 29, 1869. The declaration alleged that the plaintiff was seized of the land with the appurtenances in his demesne as of fee, and that the defendant disseised him. Plea, general issue.

The remaining material facts sufficiently appear in the opinion.

*J. H. Webster*, in support of the exceptions, cited R. S. c. 90, § 6; *Atkins* v. *Sawyer*, 1 Pick. 351; *Washburn* v. *Goodwin*, 17 Pick. 137; *Smith* v. *Dow*, 51 Maine, 21; *Stone* v. *Bartlett*, 46 Maine,

---

Forsyth *v.* Rowell.

---

439; *Fletcher* v. *Stone*, 3 Pick. 250; *Campbell* v. *Knight*, 24 Maine, 332; *White* v. *Loring*, 24 Pick. 319; *Jackson* v. *Ogden*, 4 Johns. 140; *Jackson* v. *Scissam*, 3 Johns. 499.

*D. D. Stewart*, for the defendant.

BARROWS, J. The demanded premises once belonged to John Hughes, who, before his marriage, mortgaged them June 7, 1836, to Littlefield & Kerswell to secure a note of $175.

March 31, 1849, Washington Rowell, as administrator on Hughes' estate, under license from the probate court, sold and conveyed to the plaintiff all the title and estate which Hughes had, at the time of his death, in and to the premises, subject, however, to the life-estate of Hughes' widow, in that part of the land and buildings which had been set out to her as dower. The plaintiff did not pay the administrator at the time of the purchase, but in August, 1849, gave Rowell a mortgage of the same estate which Rowell had conveyed to him, to secure the payment of a note for $1,117.32, dated April 1, 1849, and payable in July, 1850. He had bought the widow's dower in April, 1849, covering about twenty-nine acres, but it was not included in the mortgage to Rowell.

Rowell duly returned to the probate office his license to sell, setting forth the sale to the plaintiff "for the sum of $1,196, deducting therefrom the balance due on a note given by the deceased to Littlefield & Kerswell, dated June 7, 1836, for $175 and interest, upon which about $160 remains due and unpaid at the time of sale."

The plaintiff made only some partial payments on his mortgage note to Washington Rowell; and in the fall of 1851 Rowell recovered a judgment upon it for $809.16 debt, and $18.84 costs of suit; and, in December, 1851, purchased at a sheriff's sale on the execution issued upon this judgment, for $854.08, the plaintiff's right to redeem the whole estate from the mortgage to Littlefield & Kerswell given by John Hughes, and in 1861 sold and conveyed the whole property, by warranty deed, to the defendant.

At the trial which was had before the judge at *nisi prius* without the intervention of a jury, the plaintiff offered to prove by parol that at the time of the administrator's sale to him it was agreed between him and W. Rowell that Rowell was to redeem the Littlefield & Kerswell mortgage out of what the plaintiff was to pay for the farm. But the judge excluded this testimony and ruled that the sale of the equity of redemption to Washington Rowell by the sheriff conveyed a good title to all plaintiff's interest in the farm, and ordered judgment for the defendant. The plaintiff excepts, and claims that he should have been permitted to prove the parol agreement of Washington Rowell to take up the Littlefield & Kerswell mortgage; that nothing passed by the sale of his equity of redemption to Washington Rowell, and that their relation to each other and their respective interests in the property were not changed by the sale.

If this were so, there would still be insuperable difficulties in the plaintiff's way.

If there was no valid subsisting equity of redemption sold by the sheriff, the plaintiff's debt to Washington Rowell, and the mortgage which the plaintiff gave to secure it, must be regarded as still subsisting and unpaid. The defendant, in that view of the case, at all events acquired by Washington Rowell's warranty deed all the mortgagee's rights, so that as to all the property except the widow's life-estate, the defendant would occupy the position of mortgagee, and the plaintiff that of mortgager, and the remedy of the latter would be by bill in equity to redeem, and not by a suit at common law, in which the assignee of his mortgagee, holding the better title, must inevitably prevail. The exceptions do not show whether Hughes' widow is still living; but, if she is, the plaintiff had no proper count in his writ for the recovery of a life-estate.

Section 3 of c. 104, R. S. of 1857, requires the demandant to set out the nature of the estate which he claims in the premises, and he cannot recover unless he shows a title to such an estate as he has alleged. *Rawson v. Taylor*, 57 Maine, 343.

He made no motion to amend at *nisi prius*. It is too late to do so when the case is before us only on exceptions.

Upon this view of the case, the rulings complained of were, if not correct, simply immaterial, and the plaintiff could not be aggrieved thereby.

But we think the rulings were correct. The defendant appears to be a *bona fide* purchaser for value. This being the case, if his grantor had a clear record title, it would not avail the plaintiff if he could prove even positive fraud or bad faith on the part of that grantor towards the plaintiff, unless he could show the defendant conusant of the fraud, which he did not offer to do. He only proposed to show an agreement on the part of Washington Rowell to pay the Littlefield & Kerswell mortgage out of what he himself was to pay Rowell for the land,—an agreement the breach of which his own failure to pay his note to Rowell at maturity might well excuse. Certainly nothing like bad faith could be imputed to Rowell for not paying off the mortgage before the plaintiff had paid to him the stipulated sum which was his due.

Nor can we doubt that he acquired by the sheriff's sale all the plaintiff's interest in the farm, subject of course (as the ruling must have been understood) to the plaintiff's right of redeeming the equity sold within one year from the time of sale.

That a creditor may levy, on property mortgaged to secure the same debt, was settled in this State in *Porter* v. *King*, 1 Greenl. 297, and in *Crooker* v. *Frazier*, 52 Maine, 405. A mortgager has no just cause of complaint if, after breach of the mortgage, his creditor sees fit to waive it, and to proceed to collect his debt by due process of law. If the mortgaged property consists, as in this case, of an equity of redemption from a prior mortgage, it may be sold under the statute. This does not conflict with the doctrine of the Massachusetts cases cited for plaintiff. We do not hold that the mortgagee can sell the equity raised by the same mortgage, for the payment of the mortgage debt. He cannot waive his security by the mortgage and at the same time treat it as still subsisting and constituting the foundation of an equity which may be the subject of a sale. But the holder of a second mortgage may disregard his own mortgage, if he pleases, and sell his debtor's equity growing out

of the prior mortgage, as he might any other property of his debtor which he could reach by attachment.

And that was precisely what was done here. The second mortgage was waived, and the right to redeem from the first, alone, was seized and sold. The case shows no sale of two equities for a gross sum either in form or substance.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, and DANFORTH, JJ., concurred.